

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: _Callegos, C._

ID Number: _R74740_

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?    **Yes** or No

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?    Yes or No

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?    Yes or No

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted: _20_

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| 1983 Complaint | 16 |
| Motion to Proceed Without Prepaying fees | 4 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.

# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

| | |
|---|---|
| ENEDINO CALLEGOS, | Case Number: 21-894-SMY |
| *Plaintiff(s)/Petitioner(s)* | *(Clerk's Office will provide)* |
| v. | ☒ CIVIL RIGHTS COMPLAINT pursuant to 42 U.S.C. §1983 (State Prisoner) |
| PERCY C. MEYERS, BOBBY BLUM, DAVID MITCHELL, AND WEXFORD HEALTH SOURCES, INC. | ☐ CIVIL RIGHTS COMPLAINT pursuant to 28 U.S.C. §1331 (Federal Prisoner) |
| | ☐ CIVIL COMPLAINT pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680, or other law |
| *Defendant(s)/Respondent(s)* | |

Scanned at Pinckneyville CC and e-mailed 8/6/21 by DM 20 pages

## I. JURISDICTION

**Plaintiff:** ENEDINO CALLEGOS

A. Plaintiff's mailing address, register number, and present place of confinement.

5835 State Route 154, Pinckneyville, Correctional center, Pinckneyville, IL 62274.

**Defendant #1:**

B. Defendant __Percy C. Meyers__ is employed as
    (a) (Name of First Defendant)

__Facility Medical Director/Prison Doctor__
    (b) (Position/Title)

with __The Pinckneyville, Correctional center__
    (c) (Employer's Name and Address)

__5835 State Route 154, Pinckneyville, IL 62274.__

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☒ Yes ☐ No

If your answer is YES, briefly explain: He was/is employed by the Illinois Department of Corrections (I.D.O.C.), through Wexford Health Sources, Inc.

Rev. 10/3/19

**Defendant #2:**

C.  Defendant _____Bobby Blum_____ is employed as
    (Name of Second Defendant)

    The Prison's Nurse Practitioner (NP)
    (Position/Title)

    with The Pinckneyville, Correctional center
    (Employer's Name and Address)
    5835 State Route 154, Pinckneyville, IL 62274.

    At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☒ Yes   ☐ No

    If you answer is YES, briefly explain: He was/is employed by the Illinois Department of Corrections (I.D.O.C.)

**Additional Defendant(s) (if any):**

D.  Using the outline set forth above, identify any additional Defendant(s).

    Defendant          David Mitchell          is employed as

    The Prison's Warden

    with   The Pinckneyville, Correctional center

    5835 State Route 154, Pinckneyville, IL 62274.

    **At the time the claims alleged in this complaint arose, was Defendant # 3 employed by the State, local, or federal goverment ? YES**

    **He was/is employed by the Illinois Department of Corrections (I.D.O.C.)**

Rev. 10/3/19

Additional Defendant's continued

E.

Defendant   WEXFORD HEALTH SOURCES,INC., is contracted as the Illinois Department of Corrections Health care Provider, who is a private corporation.

Wexford Health Sources address is P.O. Box 16218,Pittsburg,PA 15242-0218.

## JUDICIAL NOTICE

Your Honor,the plaintiff acknowledges that,while in this Circuit,a private corporation such as Wexford cannot be held liable under § 1983,the plaintiff contends and properly so that Wexford is maintaining an unconstitutional policy and customs that prevent facility medical directors,doctors,registered nurses,nurse practitioner's and the Warden from adhering to providing inmates with necessary medical care.
To be sure,these policies and customs are unconstitutional and designed to,at the very least,to cause delays in treatment and to prevent treatment at all.

************ END OF ADDITIONAL DEFENDANT'S *************

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?   ☐ Yes  ☒ No

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1. Parties to previous lawsuits:
   Plaintiff(s):  NA

   Defendant(s):  NA

2. Court (if federal court, name of the district; if state court, name of the county):  NA

3. Docket number:  NA

4. Name of Judge to whom case was assigned:  NONE

5. Type of case (for example: Was it a habeas corpus or civil rights action?):  NA

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):  NA

Rev. 10/3/19

      7.      Approximate date of filing lawsuit:      NA

      8.      Approximate date of disposition:      NA

      9.      Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"      NO

## III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution?  ☒ Yes   ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?   ☒ Yes   ☐ No

C. If your answer is YES,
   1. What steps did you take?   I submitted an emergency grievance which I filed directly to the warden. The warden found that it deemed emergency review.

   2. What was the result?   Although 504.840 (a) calls for the warden to render a decision, the grievance officer overruled the warden and denied my grievance, to which the warden concurred.

D. If your answer is NO, explain why not.   NA

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   ☐ Yes   ☐ No
   NA

F. If your answer is YES,
   1. What steps did you take?
   NA

Rev. 10/3/19

    2.    What was the result?    NA

G.    If your answer is NO, explain why not.    NA

H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

I have attached as requested a copy of my grievance along with the grievance officer/warden's denial of said grievance as well as the Administrative Review Boards decision (ARB).

Rev. 10/3/19

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

### I.

THE PLAINTIFF CONTENDS THAT, PERCY C. MEYERS, BOBBY BLUM, DAVID MITCHELL AND THEIR EMPLOYER, WEXFORD HEALTH SOURCES, INC., HAS SUBJECTED HIM TO CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT, IN PARTICULAR, THEY HAVE OUTRIGHT REFUSED TO PROVIDE HIM WITH CONSTITUTIONALLY ADEQUATE MEDICAL CARE.

MORE SPECIFICALLY, SAID DEFENDANT'S ARE DELIBERATELY INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL CONDITION (SEVERE SPINAL NERVE DAMAGE DUE TO PREVIOUS GUNSHOT WOUNDS THAT LEFT BULLET FRAGMENTS AND BULLETS NEAR MY SPINE), AND ARE OUTRIGHT DELAYING AND REFUSING TO PROVIDE THE PLAINTIFF WITH AN MRI, CT SCAN, X-RAY OR ANY OTHER TREATMENT FOR AN EXCESSIVE AMOUNT OF TIME. THESE DELAYS AND REFUSALS TO PROVIDE THE PLAINTIFF WITH ADEQUATE MEDICAL TREATMENT HAS CAUSED HIM NEEDLESS PAIN AND SUFFERING AND NOW, AS A DIRECT RESULT OF THE DELAY AND REFUSALS, BONE FRAGMENTS AND POSSIBLY BULLET FRAGMENTS ARE PRESSING AGAINST MY NERVES.

### II.

THE PLAINTIFF CONTENDS THAT PERCY C. MEYERS, BOBBY BLUM, AND DAVID MITCHELL, HAS VIOLATED HIS RIGHT TO FIRST AMENDMENT PROTECTIONS AND RETALIATED AGAINST HIM BECAUSE HE HAS BROUGHT AN EMERGENCY GRIEVANCE AGAINST THEM FOR REFUSING AND DELAYING MEDICAL TREATMENT AT ALL, FOR REFUSING TO ADMINISTER A CT SCAN, MRI, OR AN X-RAY TO PROPERLY DIAGNOSE MY SERIOUS MEDICAL CONDITION.

BEYOND THAT, SINCE I FILED THE EMERGENCY GRIEVANCE, I HAVE BEEN DENIED ACESS TO HEALTH CARE ALTOGETHER, MY SICK-CALL REQUESTS ARE IGNORED AND PERCY C. MEYERS TOLD ME IN NO UNCERTAIN TERMS THAT HE WAS NOT GOING TO SEND ME TO AN OUTSIDE ORTHOPAEDIC SPECIALIST FOR A DIAGNOSIS OF ANY KIND.

### III.

THE PLAINTIFF CONTENDS THAT, WEXFORD HEALTH SOURCES, INC., HAS VIOLATED HIS CONSTITUTIONAL RIGHTS, WHERE WEXFORD HEALTH SOURCES, INC., MAINTAINS, AND THE FACILITY MEDICAL DIRECTOR/PRISON DOCTOR, REGISTERED NURSES, NURSE PRATITIONER AND THE WARDEN, ALL ENFORCE AND/OR SEE TO IT THAT THE UNCONSTITUTIONAL POLICIES AND PRACTICES THAT RESULT IN THE FOLLOWING, ARE ENFORCED:

a). FAILURE TO PROVIDE THE NECESSARY MEDICAL TREATMENT IN A TIMELY FASHION;

b). DELAYS IN OR OUTRIGHT REFUSING TO REQUEST OUTSIDE PHYSICIAN DIAGNOSIS, WITHOUT ANY EXPLANATION OR RECOURSE, SINCE THE FACILITY MEDICAL DIRECTOR DOUBLES AS THE PRISON'S DOCTOR, WHO BOTH REQUESTS AND APPROVES ANY OUTSIDE REFERRAL REQUESTS:

c). WEXFORD HEALTH SOURCES, INC., HAS INSTITUTED AND MAINTAINS POLICIES OR PRACTICES, BASED UPON COST-CUTTING MEASURES TO SAVE WEXFORD UNWANTED SURGERY EXPENSES, THAT PREVENT THE FACILITY MEDICAL DIRECTOR/PRISON DOCTOR FROM PROVIDING ADEQUATE MEDICAL CARE WHICH ENTAILS X-RAYS, CT SCANS, MRI AND REFERRALS TO AN OUTSIDE MEDICAL PROFESSIONAL FOR DIAGNOSIS THAT WOULD THEN HAVE TO BE ADDRESSED BY PRISON OFFICIALS WHO ARE IN WEXFORDS EMPLOYMENT.

### INDIVIDUAL CAPACITY

THIS PLAINTIFF IS SUING ALL OF THESE DEFENDANT'S IN THEIR INDIVIDUAL CAPACITIES.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ENEDINO CALLEGOS, | ) | |
| Plaintiff, | ) | Case No. **To be decided** |
| -VS- | ) | |
| | ) | |
| DR. PERCY C. MEYERS, et al., | ) | 21-894-SMY |
| Defendant's. | ) | |

## AFFIDAVIT IN SUPPORT OF MY CIVIL COMPLAINT

I, Enedino Callegos, the plaintiff, pro se, in the foregoing 42 U.S.C. § 1983 Civil Complaint, declares under the penalty of perjury, pursuant to 28 U.S.C. 1746, that the matters stated herein are true and correct, made upon personal knowledge and belief, and if called to testify as a witness hereto, I am competent to testify to all of these matters, stating:

1). As to the allegations in my complaint, I stand by those allegations and by and through the instant affidavit in support of my Civil complaint, supplement a few of the factual accounts, subsequent to my filing the emergency grievance to defendant Mitchell. See grievance # 898-04-21, filed on April 12th, 2021.

2). On Tuesday, May 4th, 2021, I recieved a call pass to health care. I was not allowed to see Dr. Percy C. Meyers, however, I was allowed to be somewhat placated by Nurse Practitioner Blum. At this "meeting" with Nurse Practitioner Blum, he swore that he would override Dr. Meyers decision to not give me a low-bunk permit and grant my low-bunk permit at once. He also elevated my Tylenol prescription from 375 mg, to 500 mgs, which I will be recieving in a blister package (meaning that I will be able to administer the medications to myself as needed), for pain.

3). However, as to an X-ray, CT scan or an MRI, NP Blum, told me in no uncertain terms that Dr. Meyers was not going to approve any referrals in regards to my back issues. I asked, how could Dr. Meyers make such a judgment himself, and doesnt

[A]

a facility medical director make the decision, whether medical furloughs are either granted or refused. NP (Nurse Practitioner), Blum, agreed stating that, yes, the Pinckneyville, Correctional centers facility medical director does make the final decision as to who is granted and refused to get outside of the prison medical attention. However, the problem with that is that Dr. Meyers, is both, the prisons doctor and he doubles as the facility medical director, who essentially polices himself, without recourse or admonition. This is so, because there is no other Dr. at the prison.

4). NP Blum, went on to state to me that he and Dr. Meyers had reviewed my medical file, which has my date of release from prison in it and that I should simply deal with the pain that he knows Im experiencing until Im released and I can go to the hospital and get the assistance that I need.
He stated that he couldnt stress enough that Dr. Meyers was not going to approve an outside medical referral for either a CT scan or MRI. Nor was he going to order an X-ray that could be accomplished at the prison, because it would give way to an MRI or CT scan being prescribed, because they both know that I have bullet fragments in my back and that it would cost too much.

## NOTICE

Your Honor, please take notice that my release from prison outdate is October 19th, 2021, so I am supposed to continue to bear with the excruciating pain they all know Im experiencing until then?

*Enedino Callegos*
Enedino Callegos, R-74740
Plaintiff, pro se.

[B]

## V.  REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

THE PLAINTIFF PRAYS FIRST THAT THIS HONORABLE COURT WILL FIND THAT HE HAS ARTICULATED SEVERAL CONSTITUTIONAL VIOLATIONS, GRANT HIM LEAVE TO PROCEED IN FORMA PAUPERIS, GRANT AN INJUNCTION AGAINST DR. PERCY C. MEYERS, BOBBY BLUM, DAVID MITCHELL AND WEXFORD, TO ASSURE THAT THWEY WILL CEASE TO RETALIATE AGAQINST HIM REGARDING TREATMENT, AWARD PLAINTIFF COMPENSATORY AND PUNITIVE DAMAGES AND ORDER THAT THE PLAINTIFF BE PROVIDED MEDICAL SERVICES AND SUCH OTHER RELIEF AS THE COURT DEEMS.

## VI.  JURY DEMAND (*check one box below*)

The plaintiff ☒ does   ☐ does not request a trial by jury.

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: 8-6-21 (date)

Signature of Plaintiff: *Enedino Callegos*

5835 State Route 154
Street Address

Pinckneyville, IL 62274.
City, State, Zip

ENEDINO  CALLEGOS
Printed Name

R-74740
Prisoner Register Number

Signature of Attorney (if any)

Rev. 10/3/19

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: **Gallegos** (Last Name)  **Enedino** (First Name)  MI  **R74740** (ID#)

Facility: **PNK**

☐ Grievance: Facility Grievance # (if applicable) **898-04-21** Dated: **5/12/21**   or ☐ Correspondence: Dated: _____

Received: **6/10/21** (Date)  Regarding: **Denied tx for back**

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.
- ☐ Provide dates when incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:
  Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor or Field Services regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
- ☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.
- ☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____ (Date)
- ☐ No justification provided for additional consideration.

Other (specify): **Grievance fails to meet DR504.810 as offender fails to provide date he was denied treatment!!**

Completed by: Debbie Knauer (Print Name)   Signature: *Debbie Knauer*   Date: **6/16/21**

Distribution: Offender  
Inmate Issues

*Printed on Recycled Paper*

DOC 0070 (Rev. 3/2018)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE**

4026

### Grievance Officer's Report

| | | |
|---|---|---|
| Date Received: 04/13/2021 | Date of Review: 05/11/2021 | Grievance # (optional): 898-04-21 |
| Offender: Enedino Callegos | | ID#: R74740 |

**Nature of Grievance:**
Medical treatment

**Facts Reviewed:**

Grievant claims that Dr. Myers, knowing that he has several bullets lodged in his back and is in constant, excruciating pain, refuses to give him an x-ray, CT scan or an MRI to properly diagnose his serious medical condition. Grievant claims he has also recently directed that his low-bunk permit be allowed to expire without being reauthorized, notwithstanding that he is currently being prescribed both Naproxen and Tylenol by him because of the bullet fragments that are lodged in his back. Grievant claims that for several months he has been given the run around by Dr. Myers in regards to being properly diagnosed for a serious medical condition that stems from the agreed upon fact that he has several bullet fragments in his back. Grievant claims that Dr. Myers acknowledges that there exits a serious medical need for Naproxen and at least Tylenol for the constant pain that he's been forced to live with because of his refusal to provide him with an x-ray.

Relief requested: Requests that Dr. Myers be directed to order an x-ray, CT scan and MRI so that the serious medical condition that he is now treating with Naproxen and Tylenol can be properly diagnosed, provide treatment for that diagnosis and reinstate his bottom bunk permit immediately. His permit expired on 4/1/21.

continued...

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be denied.

C. Hale, CCII
Print Grievance Officer's Name — Grievance Officer's Signature: C. Hale, CCII
*(Attach a copy of Offender's Grievance, including counselor's response if applicable)*

### Chief Administrative Officer's Response

Date Received: 5/18/21    [X] I concur    [ ] I do not concur    [ ] Remand

**Action Taken:**

Chief Administrative Officer's Signature    Date: 5/18/21

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature: Enedino Callegos    ID#: R-74740    Date: 6-7-21

RECEIVED
JUN 10 2021
ADMINISTRATIVE
REVIEW BOARD

Distribution: Master File; Offender       Page 1       DOC 0047 (Rev. 3/2019)
*Printed on Recycled Paper*

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

Page 2 (con't)

Enedino Callegos, R74740                           Grievance #898-04-21/PNK

Per HCUA: In 2003 he was shot in the abdomen. He had surgery on his abdomen; nothing noted about bullet fragments in the spine. He had an MRI of the lumbar spine. The MRI indicated no evidence of retro-posed fragments to the spine.

He has been treated with several different medications for his back pain but refuses to take them and requests narcotic pain medication which is not medically indicated, per MD Myers. He was last seen 4/21/21. MD Myers explained to him his MRI, at the time of the gun shot wound, showed no spinal damage. MD Myers denied the low bunk and continued his Tylenol and Naprosyn for pain. He also noted normal gait and his ability to gt up on the exam table without difficulty.

**RECEIVED**

**JUN 1 0 2021**

ADMINISTRATIVE
REVIEW BOARD

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

| | |
|---|---|
| Date: April 12, 2021 | Offender (please print): Enedino Callegos |
| ID #: R-74740 | Race (optional): Human |
| Present Facility: Pinckneyville, Corr. center | Facility where grievance issue occurred: Pinckneyville, Corr. center |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Mail Handling
- [X] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] Staff Conduct
- [ ] Dietary
- [ ] HIPAA
- [ ] Restoration of Sentence Credit
- [ ] Transfer Denial by Facility
- [X] Other (specify): Failure to provide me with an MRI, CT Scan or X-ray on my spine.
- [ ] Disciplinary Report

Date of report _____ Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Dr. Percy C. Meyers, knowing that I have several bullets lodged in my back and is in constant, excruciating pain, refuses to give me an X-ray, CT Scan or an MRI to properly diagnose my serious medical condition. He has also, recently directed that my low-bunk permit be allowed to expire without being re-authorized, notwithstanding that I am currently being prescribed both, Naproxen and TYlenol, by him because of the bullet fragments that are lodged in my back. (Please note, I have bullet fragments, not actual bullets in my back.)

[X] Continued on reverse

**Relief Requested:**

I respecxtfully request that Dr. Percy C. Meyers be directed to order an X-ray, CT Scan and MRI, so that the serious medical condition that he is now treating with Naproxen and Tylenol can be properly diagnosed, provide treatment for that diagnosis and reinstate my bottom bunk permit immediately. My permit expired on April 1, 2021.

[X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
[ ] Check if this is NOT an emergency grievance.

Offender's Signature: Enedino Callegos    ID#: R-74740    Date: April 12, 2021

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received: _____    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____

Print Counselor's Name _____ Sign Counselor's Name _____ Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: 4/14/21

Is this determined to be of an emergency nature?
[X] Yes, expedite emergency grievance
[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature _____    Date: 4/14/21

Distribution: Master File, Offender    Page 1 of 2    DOC 0046 (Rev. 01/2020)

RECEIVED JUN 10 2021 ADMINISTRATIVE REVIEW BOARD

| 1st Lvl rec  4-C-26 | ILLINOIS DEPARTMENT OF CORRECTIONS<br>Offender's Grievance | 2nd Lvl rec |
|---|---|---|

Warden Mitchell, I am writing this grievance to you because it was relay-
to me and is circulating through the prison that you actually care about the
health and welfare of the prisoners as well as the level of medical care we
are provided.

To be sure, for several months, I have been given the run around by Dr. Meyers in
regards to being properly diagnosed for a serious medical condition that stems
from the agreed upon fact that I have several bullet fragments in my back.
While Dr. Meyers, indeed, acknowledges that there exist a serious medical need
for Naproxen and atleast Tylenol for the constant, excruciation pain that Ive
been forced to live with because of his refusal to provide me with an X-ray,
CT Scan or an MRI, thats where he draws the line on my treatment.   Ive inquir-
ed whether his in action was because of some policy and procedure dictated by
Wexford and he gets really irate, sarcastic and callous and states that i can
see an Orthopaedic Specialist when Im released and he wants to know where did
I receive my medical degree.

This exchange is atrocious !   Sir, again, he's been doing this to me for sever-
months and it serves only one purpose, and thats to exacerbate my injury and to
force me to wallow in my excruciating back pain, without any end of relief in
sight.            In closing, I dont request anything that shouldnt be aff-
orded me by medical staff and I respectfully request that you please look  into
this issue and grant the relief requested herein, an X-ray, CT Scan and an MRI
to determine the extent and lable of my serious medical condition and then to
actually treat that condition without all of the animosity and callousness.
I truly thank you in advance.


                                    Very    Truly   Yours,

                                    Enedino   Callegos, R-74740
                                    Grievant, 4-C-26

Distribution: Master File; Offender        Page 2 of 2