IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENEDINO CALLEGOS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-00894-SMY |
| | ) |
| PERCY MYERS, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

This matter comes before the Court on Plaintiff's failure to respond to an Order to Show Cause. Plaintiff was advised that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to do so could result in dismissal of this lawsuit. (Docs. 3, 11). Additionally, SDIL Local Rule 3.1(b) requires Plaintiff to keep the Clerk of Court informed of any change in his address. Plaintiff failed to provide his current address and mail sent to him by the Court has been returned as undeliverable. (Doc. 28). The returned mail indicates Plaintiff has been paroled. (*Id.*).

The Court issued an Order on November 4, 2021 directing Plaintiff to show cause on or before November 22, 2021 why this case should not be dismissed for his failure to prosecute his case and failure to obey a court order.[1] He was warned that a failure to respond to the Order would result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) without further notice. Plaintiff did not respond.

---

[1] Plaintiff is responsible for maintaining communication with the court concerning his suit and has not done so. *See Buchanan v. Weaver*, 657 F. App'x 588, 590 (7th Cir. 2016) (citing *see Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Accordingly, this case is **DISMISSED without prejudice** for failure comply with a court order. Fed. R. Civ. P. 41(b). The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed.R.App.P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed.R.App.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus any balance on the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED: December 13, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**